DRAKE v. BAKER.

(Supreme Court, Appellate Term.   December 21, 1905.)

TRIAL—DISMISSAL OF COMPLAINT.
> Where the evidence introduced on the trial was conflicting, it was improper for the court, on setting aside a verdict for plaintiff because of the insufficiency of the evidence, to dismiss the complaint upon the merits, but it should have ordered a new trial.
>
> [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 370.]

Appeal from City Court of New York, Trial Term.

Action by Jacob Drake against Hyman D. Baker. From a judgment entered upon a dismissal of the complaint, and from an order dismissing the complaint, plaintiff appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Israel J. P. Alderman, for appellant.

Frank V. Johnson, for respondent.

MacLEAN, J.   The complaint alleging, and the answer admitting, employment of the plaintiff by the defendant, the plaintiff claimed for, and testified to, injuries received through failure of the defendant to furnish a safe place in which to work, and was aided thereto by two disinterested witnesses.   Against the insecurity of the place, a plank bridge from the sidewalk to a building in course of construction, testified some of the witnesses for the defendant, who introduced in evidence an unsworn admission by the plaintiff, upwards of two weeks after the accident, that the plank did not break, but that he fell off and broke his leg while crossing from the sidewalk to the building. While this was in contradiction to his testimony at the trial, explanation thereof was attempted, and, by the verdict of the jury in favor of the plaintiff, apparently accepted.   But it may also be noted that the admission of employment in the verified answer of the defendant was flatly contradicted by the defendant himself at the trial, and he testified that, when he went into possession of the building which was in process of construction, he assumed the contracts which were contracted for before, and that the contractors continued to do the work, and he had nothing to do with any of the work to be done on that building.   At the close of the plaintiff's case, and of the whole case, the defendant moved for a nonsuit.   This was denied, but, after the verdict of the jury in favor of the plaintiff was received, the court entertained motions to set aside for insufficiency and because the verdict was against the evidence, and thereafter set aside the verdict because of the insufficiency, but improperly in view of the conflict of fact to dismiss upon the merits; for it was not the province of the trial court to determine the facts, when, as herein, they were in conflict.

Judgment reversed, and order modified, by striking therefrom the dismissal of the complaint on the merits and substituting therefor a direction for a new trial, without costs of this appeal to either party. All concur.